

# In the Court of Criminal Appeals of Texas

No. WR-93,886-01

EX PARTE MARCUS JAMAL PARNELL,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 1282995-A in the 185th District Court
From Harris County

YEARY, J., filed a concurring opinion, in which KELLER, P.J., and SLAUGHTER, J., joined.

Applicant was convicted in 2012 of murder and sentenced to 42 years' imprisonment. He did not appeal that conviction. In July of 2021 Applicant filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges ineffective assistance of counsel, failure to hold a competency

hearing, and involuntary plea.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2012, but this writ application was not filed until almost 9 years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670.  And ultimately, the trial court may include findings of fact and conclusions of law concerning the

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                           August 24, 2022
**DO NOT PUBLISH**